IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ROBERT L. FOX, ) | |
| ) | Case No. 1:22-cv-00252 |
| Petitioner. ) | |
| ) | Judge Dan Aaron Polster |
| v. ) | |
| ) | OPINION & ORDER |
| STATE OF OHIO, ) | |
| ) | |
| Respondent. ) | |

The petitioner, Robert Fox, filed this writ of habeas corpus under 28 U.S.C. § 2254 and asserted four grounds for relief. In January 2019, Fox pleaded guilty to seven robbery and weapons-related counts in Ohio state court. The court sentenced him to six years of incarceration. Fox is presently in the Ohio Department of Rehabilitation and Correction's custody. The Court referred this case to Magistrate Judge Jonathan G. Greenberg to prepare a Report and Recommendation. The Court agrees with the Report and Recommendation's conclusion that Fox's petition is time-barred by 28 U.S.C. § 2244(d)(1)(A)'s one-year statute of limitations. The Court concurs that Fox does not merit equitable tolling or an actual innocence exception. For the following reasons, the Court ADOPTS the Report and Recommendation and DISMISSES with prejudice Fox's habeas petition. The Court DECLINES to grant a certificate of appealability.

Procedural History

On January 11, 2019, Fox pleaded guilty to seven counts in the Lorain County Court of Common Pleas, including: Count one, Aggravated Robbery, in violation of R.C. 2911.02(A)(1); Counts two and three, Robbery, in violation of R.C. 2911.02(A)(2); Counts four and five, Conspiracy, in violation of R.C. 2923.01(A)(1); Counts six and seven, Having Weapons While

1

Under Disability, in violation of R.C. 2923.13(A)(3). ECF Doc. 10-1, Ex, 3; Ex. 4. On January 23, 2019, the court sentenced Fox to a total of six years of incarceration. ECF Doc. 10-1, Ex. 5. Fox did not file a direct appeal or any post-conviction motions until May 2019.

During May 2019 to March 2021, Fox litigated numerous post-conviction motions in Ohio trial and appellate courts. On May 8, 2019, Fox filed a *pro se* motion for "Post Conviction Relief for sentencing error" with the Lorain County Court of Common Pleas. ECF Doc. 10-1, Ex. 6. Days later, the court denied his petition. ECF Doc. 10-1, Ex. 7. On July 1, 2019, Fox simultaneously appealed the trial court's denial and filed a motion for delayed appeal from the trial court's judgment with the Ninth District Court of Appeals. ECF Doc. 10-1, Ex. 8, Ex. 9. On August 21, 2019, the appellate court denied Fox's motion for delayed appeal and stated that the trial court's May 2019 order was not a final order because it lacked findings of fact and conclusions of law. ECF Doc. 10-1, Ex. 10.

On November 8, 2019, Fox returned to the trial court and requested the court make findings of facts and conclusions of law in its May 2019 order. ECF Doc. 10-1, Ex. 11. On November 12, 2019, Fox filed an additional motion with the trial court for post-conviction relief. ECF Doc. 10-1, Ex. 12. On November 13, 2019, the trial court denied Fox's motion and included findings of fact and conclusions of law. ECF Doc. 10-1, Ex. 13, Ex. 14.

On December 9, 2019, Fox appealed the trial court's denial of his petition for post-conviction relief to the Ninth District Court of Appeals. ECF Doc. 10-1, Ex. 15. On November 23, 2020, the court affirmed the trial court's judgment and denied Fox's appeal. ECF Doc. 10-1, Ex. 18. On December 31, 2020, Fox appealed to the Supreme Court of Ohio. ECF Doc. 10-1, Ex. 19. On March 2, 2021, the Supreme Court of Ohio declined to accept jurisdiction of the appeal. ECF Doc. No. 10-1, Ex. 22. On January 31, 2022, Fox filed a motion before the Lorain

County Court of Common Pleas to withdraw his guilty pleas. ECF Doc. 23. On February 7, 2022, the trial court denied Fox's motion. ECF Doc. 24. Fox did not appeal.

On February 7, 2022[1], Fox filed this habeas petition and raised four grounds for relief. ECF Doc. 1. On February 14, 2022, the Court referred this case to Magistrate Judge Greenberg to prepare a Report and Recommendation. ECF Non-Doc. Entry, Feb. 14, 2022. On August 30, 2022, the State of Ohio filed an answer/return of writ. ECF Doc. 10. Fox did not file a traverse or reply brief. On December 19, 2022, Magistrate Judge Greenburg submitted his Report and Recommendation. ECF Doc. 11. Fox had fourteen days after being served a copy of this document to file any objections to the Report and Recommendation. Fed. R. Civ. P. 72(b)(2). Fox's failure to file objections within the specified time may forfeit his right to appeal the Court's order. *Berkshire v. Dahl*, 928 F.3d 520, 530-31 (6th Cir. 2019) ("We have long held that when a defendant does not raise [an] argument in his objections to the magistrate's report and recommendation . . . [he] has [forfeited] his right to raise this issue on appeal.") (Internal quotations and citation omitted). Thirty days have passed since Magistrate Judge Greenburg submitted the Report and Recommendation, and Fox has not made any objections.

## Standard of Review

After reviewing the Report and Recommendation, the Court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). The Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996 governs Fox's petition for habeas corpus relief. As a

---

[1] The filing date for a *pro se* petition is the date that a petitioner delivers it to prison authorities. *See Houston v. Lack*, 487 U.S. 266 (1988). While Fox's petition arrived at the Court for filing on February 14, 2022, Fox states that he placed it in the prison mailing system on February 7, 2022. ECF Doc. 1, p. 16. Thus, the Court will consider Fox's petition as filed on February 7, 2022.

procedural matter, AEDPA requires that habeas petitions be filed within one year of the latest of four triggering dates. The relevant triggering event here is subsection (A). In pertinent part, 28 U.S.C. § 2244(d)(1) provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

Analysis

First, Fox's petition is time-barred by AEDPA's one-year statute of limitations. The Lorain County Court of Common Pleas sentenced Fox and entered judgment on January 23, 2019. Under Ohio App. R. 4(A), Fox had thirty days—until February 22, 2019—to file a direct appeal. Fox did not appeal, and therefore, his conviction and sentence became "final" under § 2244(d)(1)(A) the following day, on February 23, 2019. Therefore, the one-year limitation period began on February 23, 2019.

Under 28 U.S.C. § 2244(d)(2), the one-year limitation period is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." The limitation period that began on February 23, 2019, ran uninterrupted until May 8, 2019, when Fox first petitioned the trial court for post-conviction relief. Seventy-four (74) days elapsed during this period.

From May 8, 2019 to March 2, 2021, Fox's "pending" appellate litigation tolled the statute of limitation. *See Board v. Bradshaw*, 805 F.3d 769, 772 (6th Cir. 2015) (citing *Evans v. Chavis*, 546 U.S. 189, 191, 126 S. Ct. 846, 849 (2006)) ("The time that an application for state postconviction review is 'pending' includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, provided that the filing of the

4

notice of appeal is timely under state law."). On March 2, 2021, the Supreme Court of Ohio denied Fox's appeal and ended the tolling period. The limitation period resumed the next day, March 3, 2021, and ran uninterrupted until it expired 291 days later, on December 20, 2021.[2] While Fox filed a *pro se* motion to withdraw his guilty plea with the state trial court on January 31, 2022, this motion had no tolling effect because Fox filed it after the statute of limitations had expired. When Fox filed his habeas corpus petition on February 7, 2022, it was after the one-year limitation period expired. Therefore, Fox's habeas petition is untimely.

Second, Fox is not entitled to equitable tolling to overcome the expiration of AEDPA's one-year statute of limitations. Equitable tolling "allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010). Fox must establish that (1) he has been pursuing his rights diligently and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649, 130 S. Ct. 2549, 2562 (2010) (citation omitted). Finally, "although the party asserting statute of limitations as an affirmative defense has the burden of demonstrating that the statute has run, the petitioner bears the ultimate burden of persuading the court that he or she is entitled to equitable tolling." *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011) (internal quotations and citation omitted).

Fox has not asserted that he is entitled to equitable tolling. Additionally, Fox did not file a direct appeal with the state appellate court and has never attempted to file a motion for delayed appeal to allow for a direct appeal. Given Fox's ability to file seven post-conviction motions—

---

[2] Since the deadline expired on December 20, 2021, which was a Sunday, the deadline for the limitations period was carried over to the next business day. *See* Fed. R. Civ. P. 6(a)(1).

5

all *pro se*—between May 2019 to March 2021, there does not appear to be any "extraordinary circumstance" that prevented him from filing a timely federal habeas petition.  Therefore, Fox does not warrant equitable tolling of the one-year limitation.

Third, Fox does not merit an actual innocence exception to overcome the expiration of AEDPA's statute of limitations.  For the actual innocence exception to apply, Fox must "support his allegations of constitutional error with new, reliable evidence, such as exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence, that was not presented at trial." *Davis v. Bradshaw*, 900 F.3d 315, 326 (6th Cir. 2018) (citing *Schlup v. Delo*, 513 U.S. 298, 324, 115 S.Ct. 851, 865 (1995)).  Fox does not raise the actual innocence exception nor identify any new, reliable evidence not presented at trial that would overcome his guilty pleas.  Therefore, Fox has not demonstrated he is entitled to the actual innocence exception.

## Certificate of Appealability

This Court may only issue a certificate of appealability "if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong" before receiving a certificate of appealability.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Fox has made no such showing.  Therefore, a certificate of appealability is unwarranted.

## Conclusion

Fox's petition for habeas corpus is time-barred under 28 U.S.C. § 2244(d)(1)(A).  Accordingly, the Court ADOPTS the Report and Recommendation and DISMISSES with prejudice Fox's habeas petition.  The Court DECLINES to grant a certificate of appealability.

IT IS SO ORDERED.

Date: January 18, 2023

                                               */s/ Dan Aaron Polster*
                                               Dan Aaron Polster
                                               United States District Judge